UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Michelle Kirkland, individually and on behalf of all others similarly situated,<br><br>                               Plaintiff,<br><br>       -v.-<br>First National Collection Bureau, Inc.,<br>LVNV Funding LLC,<br><br>                               Defendant(s). | Civil Action No: 2:21-cv-20511<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Michelle Kirkland (hereinafter, "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks PLLC, against Defendants First National Collection Bureau, Inc. and LVNV Funding LLC (hereinafter "Defendant First National" and "Defendant LVNV" respectively or "Defendants" together), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "[e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Bergen.

8. Defendant First National is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6) and used in the FDCPA with an address for service of process at Lexis Document Services Inc., 830 Bear Tavern Rd., Ewing, NJ 08628.

9. Upon information and belief, Defendant First National is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service of process at Corporation Service Company, 80 State Street, Albany, New York, 12207.

11. Upon information and belief, Defendant LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

   a. all individuals with addresses in the State of New Jersey;

   b. to whom Defendant First National sent a collection letter attempting to collect a debt on behalf of Defendant LVNV;

   c. for which the debt had already been awarded a judgement;

   d. without informing the consumer that the amount of the debt stated in the letter will increase over time, or in the alternative, stating that the holder of the debt will accept payment in the amount set forth in full satisfaction of the debt if payment is made by a specified date;

3

e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § l692e and 1692g et seq.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e and 1692g et seq.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22. Some time prior to November 19, 2007, on a date better known by Defendants, an obligation was allegedly incurred to Citibank USA, N.A. (hereinafter "Citibank").

23. The Citibank obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were exchanged primarily for personal, family or household purposes, specifically a personal line of credit associated with Sears Department Store.

24. The alleged Citibank obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25. Citibank is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26. Upon information and belief, Citibank transferred the defaulted debt to another party, who, upon information and belief, received a judgment on the defaulted debt.

27. The other party transferred the post-judgment debt to Defendant LVNV for the purpose of collection. Therefore, Defendant LVNV is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

28. Upon information and belief, Defendant LVNV contracted with Defendant First National to collect the alleged debt. Therefore, Defendant First National is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

29. Defendant LVNV has policies and procedures in place that govern Defendant First National's debt collection practices, specifically with regard to collecting the subject debt, thereby evidencing Defendant LVNV's control over Defendant First National's collection practices.

30. By virtue of the relationship between the two Defendants, Defendant LVNV exercised control over Defendant First National while the latter was engaged in collecting the subject debt on behalf of the former.

31. Therefore, Defendant LVNV should be held vicariously liable for any and all violations committed by Defendant First National.

32. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – November 24, 2021 Collection Letter*

33. On or about November 24, 2021 Defendant First National sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Defendant LVNV. (See Exhibit A.)

34. The letter states a balance due of $904.83.

35. This balance arose from a judgment obtained on or about November 19, 2007.

36. Pursuant to Rule 4:42-11(a), Except as otherwise ordered by the court or provided by law, judgments, awards and orders for the payment of money, taxed costs and attorney's fees shall bear simple interest.

37. In New Jersey State, post-judgement interest accrues on judgments from the date of the entry of judgment.

38. Therefore, as interest began accruing at the entry of judgment causing the balance of the subject debt to increase by force of law, Defendant First National should have informed the Plaintiff consumer that the amount of the debt stated in the letter will increase over time.

39. Furthermore, Defendants did not state that they expressly waive any statutory interest on post-judgment debts.

40. Moreover, debt collectors like LVNV typically sell off bundles of debt, like the subject debt, to other third party debt collectors.

41. The future owners of the subject debt retain the right to collect the principal of the debt plus post-judgment interest.

42. The Letter does not make any reference at all to the fact that the amount of the debt stated in the letter will increase over time.

43. At any particular point in time, since statutory interest is automatically accruing, a consumer who pays the "Total Due" will be unaware as to whether or not the debt has been paid in full, and would in fact legally owe more money.

44. Furthermore, the least sophisticated consumer, and the Plaintiff included, could interepret the Letter as stating that interest was accruing. Alternatively, a different consumer

could interpret the Letter to state that the debt was static. Therefore, the Letter is open to more than one reasonable interpretation.

45. Plaintiff was injured as Defendant First National misstated the balance due by failing to include the fact that interest would continue to accrue from the date of the entry of judgment.

46. Plaintiff wanted to pay the subject debt to clear any of her outstanding obligations to Defendants.

47. Plaintiff reviews any letter received by a debt collector in hopes of paying.

48. Had Plaintiff had the financial means available, she would have paid off the debt in full satisfaction of the debt.

49. Without being provided the required information related to whether a debt is accruing interest, Plaintiff cannot properly evaluate the settlement options offered, or make financial decisions with the limited resources she has available.

50. Therefore, Defendants' failure to provide Plaintiff with the required information regarding the accrual of interest resulted in concrete harm to the Plaintiff.

51. Defendants' deceptive, misleading and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' collection efforts or determine whether interest was accruing on the post-judgment debt.

52. Plaintiff was confused and misled to her detriment by the statements and/or omissions in the dunning letter, and relied on the contents of the letter to her detriment.

53. Plaintiff would have pursued a different course of action were it not for Defendants' violations.

54. A reasonable consumer could read the letter and be misled into believing that she could pay her debt in full by paying the amount listed on the letter when, in fact, since interest is accruing daily, a consumer who pays the current balance stated on the letter will not know whether the debt has been paid in full. Consequently, the Fair Debt Collection Practices Act requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.

55. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

56. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

57. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

58. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

59. Defendants violated §1692e :

    a. As the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate;

    b. The Letter provides a false representation of the character, amount and/or legal status of the debt in violation of § 1692e(2)(A);

    c. By making a false and misleading representation in violation of §1692e(10).

60. By reason thereof, Defendant LVNV and Defendant First National are both liable to Plaintiff for judgment in that their conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g et seq.

61. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

62. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

63. Pursuant to 15 U.S.C. §1692g(a)(1), a debt collector must provide notice of a debt, including the amount of the debt.

64. Defendants violated §1692g(a)(1):

    a. As the letter falsely represents the true amount of the debt.

65. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692g(a)(1) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

66. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Michelle Kirkland, individually and on behalf of all others similarly situated, demands judgment from Defendants LVNV Funding LLC and First National Asset Solutions, LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  December 15, 2021            STEIN SAKS, PLLC

   /s/ Yaakov Saks
Yaakov Saks, Esq.
One University Plaza, Ste. 620
Hackensack, NJ 07601
Ph:  201-282-6500
Fax: 201-282-6501
ysaks@steinsakslegal.com
*Counsel for Plaintiff*